UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUDY JOYCE, INDIVIDUALLY
AND EX REL JANIE DOE
AS HER LEGAL GUARDIAN,                              **COMPLAINT**

    Plaintiffs,

                              JURY TRIAL DEMANDED

CITY OF NEW YORK, ,
DETECTIVE BRIAN SCHUMACHER
JOHN AND JANE DOES ## 1-15,
                              12-cv-03397-NRB

    Defendants.

------------------------------------------------------------X

## NATURE OF ACTION

1.  This action is brought by plaintiffs to recover damages for the excessive use of force, and illegal search and seizure.

## THE PARTIES

2.  Plaintiff is a resident of New York, New York, as is her granddaughter.

3.  The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4.  Defendants Brian Schumacher and John and Jane Doe ## 1-15 are employees of the New York City Police Department, upon information and belief the 26th Precinct.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6.  Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

1

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7.      Judy Joyce was present at her apartment at 430 W 125th Street #3I at or about 8:15 PM on December 10, 2011 observing all laws and cooking fish for a dinner in the community room in her building.  Her granddaughter Janie, aged 13 at the time, was in the apartment, but it was otherwise vacant.

8.      Judy noticed someone in the hallway whom she didn't recognize and asked if he needed help; he said he didn't. She kept the door open because the smell of fish was overwhelming.

9.      When the fish was done, she put it into a pan to bring it to the community room. She left the door ajar. Again because of the smell. Her granddaughter, was getting ready to go out, but remained in her grandmother's bedroom.

10.     After Judy left the apartment, nine or ten police officers entered into her apartment based on a knock-only warrant. They entered without knocking and Ariel, who was in the hallway on her way to the bathroom was stunned to see that many police officers holding huge guns and shields rushing towards her and froze.

11.     She was knocked down by one of the officers, who painfully grabbed her from behind and place her in handcuffs even though she had done nothing wrong.

12.     The police closed the door, and one guarded it from the outside.

13.     Ms. Joyce returned from the community room only to see the door closed and was not let in for a half hour while Ariel remained in the living room handcuffed and unable to talk to her grandmother. She thought the whole time, "The police shoot black people," and so she remained perfectly still.

14.     The search warrant was based on information from gang members that the Detective Schumacher should have known was false and revealed to the judge - to wit - that a college

2

student who attends class's upstate was trafficking in guns and, to wit, the information had come from gang members in the neighborhood.

15. Notwithstanding the warrant, claimant was abused psychologically and physically and is now afraid to sleep, wets her bed, falls asleep in class, and has been placed on anti-depressants because of the incident.

16. John and Jane Doe ## 1-15, among them Detective Schumacher, entered screaming and started to overturn furniture and look into closets and drawers, literally ransacking the apartment, destroying everything in their wake. Ariel described it as looking afterwards, like an episode of Hoarders. Pictures are attached hereto.

17 Janie complied with all directives and shut up, although at once point she asked the officers if they treated children like this. Finally, Ms. Joyce was let in and she asked what all the fuss was. She asked repeatedly to see the warrant, which was finally given to her, however, Detective Schumacher had to gall to steal her grandson's admission letter to college, just to show they they were there.

18 Joyce suffered emotional distress, and Janie severely so. She has now thrice been hospitalized because of this insistent, first at the Northside Children's development Center, then twice at Four Winds Westchester. She may never be able to return home; she's afraid of what might come through the door

FIRST CAUSE OF ACTION
EXCESSIVE USE OF FORCE
42 U.S.C. § 1983

19. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

20. Acting under color of state law, defendants used excessive force in conducting an illegal search that caused emotional injury and damage to property.

3

21. As a result of the foregoing, Plaintiffs has been damaged and demands compensatory and punitive relief.

## SECOND CAUSE OF ACTION
## FAILURE TO PROTECT PLAINTIFFS'S RIGHTS
## 42 U.S.C. § 1983

22. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

23. Defendants had a duty to intercede and prevent the illegal stop, search and arrest of plaintiffs, but failed to do so.

24. As a result of the foregoing, Plaintiffs have been damaged and demand compensatory and punitive relief.

## THIRD CAUSE OF ACTION
## ILLEGAL SEARCH UNDER 42 U.S.C. § 1983

25. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

26. Defendants acting under color of state law, illegally searched plaintiffs' apartment where they had a reasonable expectation of privacy without a warrant and without probable cause and without a knock.

27. As a result of the foregoing, Plaintiffs have been damaged and demands compensatory and punitive relief.

## FOURTH CAUSE OF ACTION
## FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE UNDER MONNELL AND 42 U.S.C. § 1983
## BY ALL PLAINTIFF AND AGAINST THE CITY OF NEW YORK

28. Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the

police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

30. Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from

    a. excessive use of force and destruction of property in conducting searches;

    b. conducting searches without a warrant;

31. The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

32. As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

## FIFTH CAUSE OF ACTION
## BATTERY

38. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. Defendants intentionally engaged in bodily contact with plaintiff, and such contact was harmful or offensive in nature.

40. By virtue of the foregoing, Plaintiff has been damaged.

## SIXTH CAUSE OF ACTION
## ASSAULT

41. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

42. Defendants intentionally placed plaintiff in apprehension of immediate battery.

43. By virtue of the foregoing, Plaintiff has been damaged.

**WHEREFORE,** Plaintiffs demand as follows:

A. Compensatory damages;

B. Punitive damages to be determined by the trier of fact;

C. Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

D. Such other relief as the Court may deem just and proper.

Dated: New York, New York
April 27, 2012

/s/
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
18-20 WEST 21ST STREET
New York, NY 10010
(212) 334-7397

6